J-S53024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHERMAINE ANTHONY CAVE, | |
| Appellant | No. 271 EDA 2017 |

Appeal from the PCRA Order December 19, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002337-2014

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:              **FILED SEPTEMBER 18, 2017**

Appellant, Shermaine Anthony Cave, appeals *pro se* from the order entered on December 19, 2016, denying Appellant relief on his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court explained the underlying facts and procedural posture of this case.  We quote, in part, the trial court's summary.

> On November 11, 2014, Pennsylvania State Police troopers stopped the car in which [Appellant] was riding as a passenger for speeding.  The car was owned and driven by [Appellant's] girlfriend or ex-girlfriend.  Based on observations made and information learned by the troopers during the stop, as well as their interactions with [Appellant] and the driver, the troopers called in a K-9 unit to perform an exterior sniff of the vehicle.  The dog alerted to the presence of narcotics and actually jumped into the vehicle through an open window.

The vehicle, [Appellant], and the driver were transported back to the police barracks. A search warrant was obtained and a search of the vehicle uncovered approximately [12] pounds of suspected marijuana and [91] clear plastic baggies. During a subsequent interview, [Appellant] . . . admitted that the marijuana was his. . . .

[Appellant] was arrested and charged with possession with intent to deliver (PWID) a controlled substance and related offenses. He retained [] private counsel of his choosing ("Plea Counsel").

[Appellant] and Plea Counsel discussed the possibility of filing a motion to suppress the results of the search, a plea to PWID being offered by the Commonwealth, and the relative merits of accepting the plea versus going to trial. Discussions took into consideration Plea Counsel's considered opinion that a suppression motion would likely not be fruitful because counsel believed, among other things, that [Appellant] lacked the requisite expectation of privacy to challenge the search since he was neither the owner nor operator of the vehicle that was searched. Discussions also took into consideration [Appellant's] admission and his strong and consistent desire to protect his ex-girlfriend. Plea Counsel gave [Appellant] a full assessment of his case and trial prospects. In the end, [Appellant] made a conscious decision to accept the Commonwealth's plea offer and to insulate, or at least minimize the criminal consequences for, his friend.

On July 16, 2015, after several defense delays, [Appellant pleaded] guilty to PWID. The plea was effectuated through a written guilty plea form that was signed by [Appellant] and Plea Counsel and was accompanied by a thorough oral colloquy conducted by the [trial] court. Plea Counsel went over and explained the form to [Appellant] and was present with [Appellant] for the colloquy and acceptance of the plea.

[On December 18, 2015, Appellant] was [] sentenced to [18] to [60] months in [prison]. [Appellant] did not file a direct appeal. . . .

On August 19, 2016, [Appellant] filed a *pro se* PCRA petition alleging ineffective assistance of counsel. [Appellant]

claim[ed] that Plea Counsel was ineffective for failing to file a suppression motion challenging the search of his friend's car. According to [Appellant], Plea Counsel's failure to file such a motion resulted in a "coerced" guilty plea. In addition, [Appellant] alleg[ed] that, at the time he entered his plea, he believed he was pleading to simple possession rather than PWID.

After the PCRA petition was filed, [the PCRA court] scheduled a hearing and appointed the Monroe County Public Defender's Office to represent [Appellant]. On October 6, 2016, the assigned public defender filed [a no-merit letter and a request to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)].

PCRA Court Opinion, 2/21/17, at 1-3.

On December 19, 2016, the parties appeared before the PCRA court for the scheduled hearing. However, at the beginning of the hearing, the PCRA court declared that it would first rule upon appointed counsel's petition to withdraw. N.T. PCRA Hearing, 12/19/16, at 4-5. After hearing argument from counsel and Appellant, the PCRA court declared:

Well, you know[, Appellant,] I had a chance to read the file. I had a chance to read the **Turner**/**Finley** [no-merit] letter. I had a chance to read the motion to withdraw and now to hear what we argued about today and you know I have to agree with counsel, you know, on several matters.

First let's work backwards. The plea – I don't believe that there's any real issue with respect to that because there was a plea form that was signed that you signed.

You and I had a colloquy which is a fancy way of saying a discussion about that form and your plea. There was absolutely no question about what the plea was for.

- 3 -

Then you were sentenced on that plea and there was no question about the fact that it was a possession with intent to deliver as opposed to possession or some other type of a crime. So I don't think that goes anywhere and I believe there is no merit to that and I think that's a point well taken from the attorney's *Turner*/*Finley* letter.

. . .

With respect to the fact that you were coerced into the plea; again we had that same colloquy, you signed the written form, we had the sentencing. I was there. You know there was no coercion. Whether someone suggested that you'd be silly if you didn't do it or that you could be facing other consequences doesn't necessarily mean coercion.

And then finally with respect to the stop, you know the record just doesn't support a violation. I know you want to read it differently I know you want to interpret the law differently; but I think that counsel has done a pretty good job of that.

So I'm going to grant counsel's motion to withdraw. . . . [Plea Counsel] who represented you is here and I know that you have some legal argument that you would like to have made and so if you want to I'll give you a chance to make that argument and then a chance to file a brief if you would like to on your own; or if you want to see if you can get another attorney to come and represent you I'll give you some time to do that.

So I'm going to grant the petition of the Public Defender's Office . . . to withdraw in this case believing that they have met the standards.

N.T. PCRA Hearing, 12/19/16, at 8-10.

In granting counsel's petition to withdraw, the PCRA court explicitly held that there was no merit to any of Appellant's claims and that "no purpose would be served by any further proceedings." N.T. PCRA Hearing, 12/19/16, at 8-10; Pa.R.Crim.P. 907(1). Therefore, under the Rules of

Criminal Procedure, the PCRA court should have concluded the proceeding and given Appellant notice that it intended to dismiss the petition in 20 days, without holding a hearing. Pa.R.Crim.P. 907(1). However, instead of ending the proceeding and issuing Appellant the requisite notice pursuant to Pennsylvania Rule of Criminal Procedure 907, the PCRA court continued with the hearing – where Appellant acted *pro se* – and heard testimony from Plea Counsel. *See* N.T. PCRA Hearing, 12/19/16, at 13-19. The PCRA court then denied Appellant relief on his claims.

Appellant filed a timely notice of appeal and Appellant now raises the following claims to this Court:

> [1.] Was the PCRA court's dismissal of [] Appellant's PCRA petition unsupported by the record; and based on legal error, because his detention was in violation of his constitutional rights pursuant to the 4th Amendment of the U.S. Const. and Article 1, Section 8 of the Pa. Const.
>
> [2.] Was the PCRA court's dismissal of [] Appellant's PCRA petition unsupported by the record and based on legal error, because Appellant's conviction violated the due process clause of the [14th] Amendment to the U.S. Const. and due process clause of the Pa. Const.; and prior counsel was ineffective for failing to argue the above issue(s) (*inter alia*).
>
> [3.] Was the PCRA court in error by not finding Appellant's plea was unlawfully coerced, based on the supported/attached documents plus, all herein.

Appellant's Brief at 5 (some internal capitalization omitted).

Appellant has failed to support the above claims with any relevant argument. To be sure, Appellant's argument to this Court consists entirely of conclusory and undeveloped legal quotations and citations and

incomprehensible statements. *See id.* at 6-12. Further, Appellant has failed to explain how any of the cited law applies to his particular case. *Id.* This substantially impedes our ability to conduct effective appellate review of Appellant's claims. Therefore, Appellant's claims on appeal are waived.[1] *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1999) ("[the Pennsylvania Supreme Court] has held that an issue will be deemed to be waived when an appellant fails to properly explain or develop it in his brief");

_____

[1] As noted above, at the beginning of the scheduled evidentiary hearing, the PCRA court granted counsel's petition to withdraw and concluded that "there [were] no genuine issues concerning any material fact and that [Appellant] is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." *See* N.T. PCRA Hearing, 12/19/16, at 8-10; Pa.R.Crim.P. 907(1). At that point, the PCRA court should have ended the proceeding and issued Appellant notice that it intended to dismiss Appellant's PCRA petition in 20 days, without holding a hearing. Pa.R.Crim.P. 907(1). The PCRA court failed to give Appellant the requisite notice and mistakenly continued with an unnecessary evidentiary hearing that Appellant was not entitled to receive under the Rules of Criminal Procedure – and, if Appellant were entitled to the hearing (which Appellant was not), Appellant would have had a rule-based right to have counsel represent him at the hearing. *See* Pa.R.Crim.P. 904(C) and 908(C). Nevertheless, since Appellant's PCRA petition had no merit, since Appellant was not entitled to an evidentiary hearing, and since the PCRA court properly granted counsel's petition to withdraw, the PCRA court did not violate Appellant's rule-based right to counsel. Further, since Appellant does not claim that the PCRA court erred in failing to issue the required Rule 907 notice, any such claim is waived. *Commonwealth v. Taylor*, 65 A.3d 462, 467 (Pa. Super. 2013) ("[t]he failure to challenge the absence of a Rule 907 notice constitutes waiver"); *Commonwealth v. Boyd*, 923 A.2d 513, 514 n.1 (Pa. Super. 2007) ("[a]lthough the notice requirement set forth in Rule 907 has been held to be mandatory, Appellant has not objected to its omission and thereby has waived the issue") (internal citations omitted).

*Commonwealth v. Perez*, 93 A.3d 829, 838 (Pa. 2014) ("to the extent appellant's claims fail to contain developed argument or citation to supporting authorities and the record, they are waived"); *Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996) ("[w]hile this Court is willing to liberally construe materials filed by a *pro se* litigant, [an a]ppellant is not entitled to any particular advantage because she lacks legal training. . . . [W]e decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a [c]ourt will not consider the merits thereof") (internal quotations and citations omitted).

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2017